**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHARLES A. BOGGS** | **CIVIL ACTION** |
| **VERSUS** | **NO:   16-13476** |
| **BP EXPLORATION & PRODUCTION INC., ET AL.** | **SECTION: "E" (4)** |

## ORDER

Before the Court are three (3) **Motions for Leave for Permission to Propound More Than 25 Interrogatories (R. Docs. 24, 25, 26)** filed by the Plaintiff seeking leave to propound more than twenty-five (25) Interrogatories to Defendants Transocean Deepwater Inc., Haliburton Energy Services Inc., and BP.  The motion is opposed. R. Docs. 27, 29, 30. Plaintiff filed a reply in response to Defendants BP and Transocean. R. Docs. 44 and 48. The motion was set for submission on August 25, 2021 and was heard on brief.

### I.      Background

This action is back-end litigation that arises from the Deepwater Horizon oil spill and the resulting cleanup. Plaintiff, Charles Boggs, alleges he was injured as a result of the oil cleanup efforts on and around his residence in Long Beach, Mississippi. R. Doc. 1, p. 2. Plaintiff's claims consist of property damage and injuries to his person. *Id.*

First, he alleges damage from oil films that settled on the outside of his home. *Id.* Second, he alleges physical injuries which include congestion of his airway, nose, throat and lungs, eye irritation, tearing and congestion, and abdominal and bowel illness. *Id.*

These motions were filed on August 6, 2021. Plaintiff seeks permission to propound additional interrogatories. R. Docs. 24-1, 25, 26. They request the additional interrogatories due to the number of affirmative defenses filed by Defendants. Defendant BP is claiming 32 affirmative defenses; Plaintiff is seeking to propound 60 interrogatories. R. Docs. 26-1, 26-3 p. 28. Defendant

Transocean is claiming 49 affirmative defenses; Plaintiff is seeking to propound 47 interrogatories. R. Docs. 24-1, 46-3 p. 23. Defendant Halliburton is claiming 30 affirmative defenses; Plaintiff is seeking to propound 23 interrogatories. R. Docs. 25-1, 25-3 p. 12.

In opposition, Defendants Transocean and Haliburton adopt and reassert arguments raised by BP. R. Docs 27, 29, 30. First, Defendants contend that the motion is premature because the parties have yet to hold a scheduling conference as required by Rule 26. *Id.* Next, Defendants contend that the request is excessive and burdensome. *Id.* Additionally, Defendant Transocean contends that the motion should be denied because Plaintiff has not complied with Local Rule 7.4. R. Doc. 29.

## II.   <u>Standard of Review</u>

Federal Rule of Civil Procedure ("Rule") 33 provides "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). In addition, Rule 33 provides "[l]eave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." *Id.* By order, the court may alter the limits in these rules on the number of interrogatories. Fed. R. Civ. Pro. 26(b)(2)(A).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(2)(C), the Court must limit discovery if: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from another more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to discover the information during the proceedings; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

### III.   <u>Analysis</u>

As an initial matter, the Court notes that, while Plaintiff is seeking permission to propound additional interrogatories on all Defendants, Plaintiff has only submitted twenty-three (23) interrogatories to Defendant Halliburton. R. Doc. 25-3. This is less than the number allowed by the Federal Rules of Civil Procedure, as such the Court denies Plaintiff Motion to Propound More Than 25 Interrogatories on Defendant Haliburton.

### A.   <u>Motion is Premature</u>

Remaining are Plaintiff's requests to propound more than twenty-five (25) interrogatories upon Defendants Transocean and BP. R. Docs. 24, 26. Defendants first objection to the motion is that Plaintiff's requests are premature because the parties have not met as required by the Federal Rules of Civil Procedure. R. Doc. 27, p. 2.

In reply, Plaintiff contends that the complaint was filed in August 2016 and discovery is needed to begin working towards a resolution of the case. Additionally, Plaintiff requests that the Court rule on the motions now and allow Defendants to answer the interrogatories after preliminary conference. R. Doc. 40, p. 7.

Rule 26(d)(1) prohibits a party from seeking discovery from any source before the parties have conferred as required by Rule 26(f). Fed. R. Civ. 26(d)(1). Defendants correctly argued that since there has been no preliminary conference, the motion should be denied. R Doc. 27, p. 2. However, since the filing of this motion  the parties participated in a preliminary conference on September 16, 2021. R. Doc. 34. Therefore, the Court will issue a ruling on the motion.

### B.   <u>Local Rule 7.4</u>

Next, Defendant Transocean contends that the motion should be denied because Plaintiff has not complied with the requirements of Local Rule 4.7. Local Rule 4.7 provides that, "All

contested motions must be accompanied by separate memoranda which must contain a concise statement of reasons supporting the motion and citations of authorities." LR 4.7. The Court, having reviewed each motion, finds that Plaintiff has attached memoranda in support of the motion. R. Doc. 24-1, 26-1. While they are not in-depth, they are appended to the motion and give the reasons supporting the motion.  As such, the Court finds Plaintiff has complied with Local Rule 4.7.

### C.  Particularized Showing of Need

Lastly, Plaintiff contends that he is seeking the additional interrogatories to know the basis of Defendants alleged affirmative defenses. R. Doc. 44, p. 2. Additionally, Plaintiff contends that the extra interrogatories are necessary given the Answers filed by Defendants. *Id*. In response, Defendants argue that the Plaintiff's reasoning is insufficient to show good cause for the additional interrogatories. Defendants compare the case to *Atkinson v. Denton,* where the request for additional interrogatories was denied because the Plaintiff only stated that the information was related to the other party's defense in some unspecified way. *Atkinson v. Denton Publ'g Co.,* 84 F. 3d 144, 148 (5th Cir. 1996).  Defendants also contend that Plaintiff has made no attempts to obtain the information in a more convenient way, making the additional interrogatories excessive and burdensome. R. Doc. 27 p. 4.

To propound more than twenty-five interrogatories, the party seeking leave must set forth a particularized showing of need." *King v. Univ. Healthcare Sys., L.C.*, No. CV 08-1060, 2008 WL 11353694, at *2 (E.D. La. Oct. 31, 2008).  In deciding whether to allow a party to propound additional interrogatories the "court should consider the factors listed in Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure to determine the existence of good cause." *Hall v. Louisiana*, No. CV 12-657-BAJ-RLB, 2014 WL 12812112, at *2 (M.D. La. Mar. 18, 2014) (citing *Estate of Manship v. U.S.*, 232 F.R.D. 552, 558-59 (M.D. La. 2005)). Rule 26(b)(2)(C) states that discovery

should be limited by the Court if it is determined that the requested discovery is unreasonably cumulative or duplicative, the party seeking discovery has had ample opportunity to obtain the information sought, or the burden or expense outweighs the likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(i),(ii),(iii). "The numerical limit on interrogatories is intended to protect against potentially excessive use of interrogatories, not to prevent necessary discovery." *Martin v. Fid. Nat'l Title Ins. Co.*, No. CV 09-4195, 2011 WL 13202354, at *2 (E.D. La. May 23, 2011) (citing *Estate of Manship v. United States*, 232 F.R.D. 552, 554 n.1 (M.D. La. 2005)).

Here, Plaintiff's stated reason for the additional interrogatories is the length of Defendant's answers and the number of affirmative defenses asserted. R. Doc. 44, p. 1. The Court, having reviewed the pleadings and affirmative defenses of each Defendant, finds that Plaintiff's stated reason does show a particularized need.

Upon review of the affirmative defenses, the Court notes that Defendants BP and Transocean submitted many of the same affirmative defenses. Furthermore, the Court is of the opinion that Defendants affirmative defenses contain assertions that are not affirmative defenses. One example is, Defendant Transocean's fourth affirmative defense stating, Plaintiff's claims for relief is not ripe. R. Doc. 24-3, p.5. According to Federal Rules of Civil Procedure there are 18 affirmative defenses that can be raised, and ripeness is not one of them. Fed. R. Civ. 8 (c) (1).

Unlike in *Atkinson*, where the stated reason was to explore the Defendant's defense generally; here, Plaintiff's additional interrogatories are specific to the affirmative defenses alleged by Defendants. Plaintiff is requesting the additional interrogatories because of the specific nature in which Defendant's answered Plaintiff compliant and alleged their affirmative defenses.

The Court further notes that, the issue of granting additional interrogatories frequently becomes whether the moving party has shown the benefits outweigh the burden on the opposing

party. *Shaw Group v. Zurich Am. Ins. Co.*, Civ. No. 12-257-JJB-RLB, 2014 WL 1784055 (M.D. La. May 5, 2014). While Defendants argue that it would be burdensome to respond to interrogatories, the Court notes that, Defendants created the burden given their answer to Plaintiff's complaint and the affirmative defenses alleged therein. Plaintiff's request directly correlates to Defendant's pleadings. Defendants chose to allege their numerous affirmative defenses, now Plaintiff simply seeks more information about them. R. Doc. 40, p. 6. For the foregoing reasons, the Court finds good cause to permit the additional interrogatories to be propounded. Therefore, the Court grants Plaintiff Motion to Propound More Than 25 Interrogatories to Defendants Transocean and BP.

      **IV.**    <u>**Conclusion**</u>

      Accordingly,

      **IT IS ORDERED** that the Plaintiff's **Motion for Leave for Permission to Propound More Than 25 Interrogatories. (R. Doc. 25)** is **DENIED.**

      **IT IS FURTHERED ORDERED** that the Plaintiff's **Motion for Leave for Permission to Propound More Than 25 Interrogatories. (R. Doc. 24)** is **GRANTED.**

      **IT IS FURTHERED ORDERED** that the Plaintiff's **Motion for Leave for Permission to Propound More Than 25 Interrogatories. (R. Doc. 26)** is **GRANTED.**

      New Orleans, Louisiana, this 20<u>th</u> day of September 2021.

                **KAREN WELLS ROBY**
            **UNITED STATES MAGISTRATE JUDGE**