**NITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CHARLES A. BOGGS,** | * | |
| | * | |
| **PLAINTIFF,** | * | **CIVIL ACTION NO. 16-13476** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE SUSIE MORGAN** |
| **BP EXPLORATION & PRODUCTION INC., et al.,** | * | |
| | * | |
| | * | **MAGISTRATE JUDGE KAREN WELLS ROBY** |
| **DEFENDANTS.** | * | |
| | * | |
| **Related to: B3 PLEADING BUNDLE in MDL No. 2179** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendants BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP") respectfully oppose Plaintiff Charles A. Boggs' ("Boggs") Motion to Amend Complaint ("Boggs' Motion to Amend"), due to Boggs' failure to show good cause to modify this Court's scheduling order as required by Federal Rule of Civil Procedure 16(b)(4).

## I. PROCEDURAL BACKGROUND

On August 1, 2016, Boggs filed this lawsuit, claiming toxic exposures due to the *Deepwater Horizon* oil spill caused him to develop numerous medical conditions while residing at 630 West Beach Boulevard, Long Beach, Mississippi. Rec. Doc. 1, ¶ 3 ("Original Complaint"). Notably, along with his law partner Thomas Loehn, Boggs represented himself when filing the Original Complaint. *See* Rec. Doc. 1. This Court issued a scheduling order in this lawsuit on September 20, 2021, which established October 18, 2021 as the deadline for amendments to pleadings. *See* Rec. Doc. 54 ("Scheduling Order").

After all parties answered Boggs' Original Complaint, Boggs filed his First Amended and Supplemental Complaint on August 24, 2021, wherein Boggs adopted and referenced previous findings of fact and liability that were made in the MDL. Rec. Doc. 37 ("First Amended Complaint"). Subsequently, the parties began to conduct fact investigation in this matter. To date, Boggs has served written discovery requests upon all defendants in this lawsuit. Meanwhile, BP has served written discovery upon Boggs, which he answered, and took Boggs' deposition on January 5, 2022.

On February 28, 2022, Mr. Loehn advised counsel for BP that he would be retiring and new counsel would be appointed. On March 9, 2022, Boggs' counsel filed a motion to substitute counsel, appointing the Downs Law Firm as Boggs' new representation. Thereafter, on March 18, 2022, Boggs' new counsel informed BP they would be seeking leave to file Boggs' Second Supplemental and Amended Complaint, which all defendants, including BP, represented were opposed. Boggs filed his Motion to Amend on April 1, 2022 ("Original Motion to Amend"). Subsequently, Boggs withdrew his Original Motion to Amend, and, shortly after, the Court issued its order vacating any remaining, unexpired deadlines in the current scheduling order. Rec. Doc. 70 ("4/21 Order"). Importantly, the 4/21 Order only applies as to remaining, unexpired deadlines. *Id.* On April 29, 2022, Boggs again moved to amend his complaint, *see* Rec. Doc. 73-1, claiming that BP will not be prejudiced by Boggs amended complaint. BP refers to the amended complaint in Boggs' Motion to Amend herein as the "Third Amended Complaint."

## II. ARGUMENT

### A. Legal Standard.

Boggs' Motion to Amend is untimely under the Scheduling Order that clearly established the deadline for amendments to pleadings was October 18, 2021, which was almost seven months ago. When, as in this case, the court has entered a scheduling order setting a deadline for

amendments to pleadings, the schedule "may be modified ***only*** for good cause." FED. R. CIV. P. 16(b)(4) (emphasis added). According to the Fifth Circuit:

> Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.

*S&W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *see also Lindsley v. Bellsouth Telecomms., Inc.*, No. 07-6569, 2008 WL 4829614, at *2 (E.D. La. Nov. 5, 2008) (noting parties seeking leave to amend after the deadline "must demonstrate good cause to modify the scheduling order before the court can consider the Rule 15(a) factors").

Good cause "requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party." *Id.* at 535 (internal quotations omitted). Indeed, the demonstration of good cause "unambiguously centers on the mover's diligence." *Ordemann v. Unidentified Party*, No. 06-4796, 2008 WL 695253, at *2 (E.D. La. Mar. 12, 2008) (internal quotations and brackets omitted). In addition to the movant's due diligence, other factors for the Court's consideration include: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters.*, 315 F.3d at 536). *See also T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 418 (5th Cir. 2021).

Boggs' Motion to Amend should be denied because, as the deadline for amendments to pleadings has passed, Boggs can only amend any pleadings by leave of court after showing good cause. Here, Boggs did not show good cause.

**B. Boggs Has Not Established Good Cause.**

Boggs' Motion to Amend provides no basis for the required finding that he acted with due diligence. Indeed, Boggs withdrew his Original Motion for Leave and refiled a similar motion an entire month later. The information necessary to discover Boggs' additional claims was wholly within Boggs' control; yet he offers no sufficient explanation for his failure to comply with the deadline for amendments to pleadings.

Specifically, Boggs lists the following reasons for why the Court should grant his Motion to Amend: that (1) BP will not be prejudiced, (2) Boggs has new counsel, (3) discovery is underway, (4) Boggs has already provided expert reports, (5) Boggs has provided medical authorizations, (6) Boggs has been open about presenting his claims, and (7) a recent order from the Middle District of Tennessee in another B3 case (Mr. Boggs is incorrect as the *Maas* case referenced is a BELO case, not a B3 case) clarifies legal issues in the present case. These reasons do not meet the good-cause standard.

First, good cause cannot be demonstrated based on retaining new counsel. "The retention of a new attorney able to perceive or draft different or more creative claims from the same set of facts is itself no excuse for the late filing of an amended complaint." *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1154 (5th Cir. 1981). Indeed, Boggs himself is a licensed attorney and was previously represented by his law partner. In addition, Boggs kept significant notes regarding his alleged exposures, illnesses, and treatments. *See* Second Amended Complaint, § 9 (stating Boggs kept a "daily record" of his symptoms and took photographs of his home and the bayou and beach in front of his home). No other reason was given to explain the tardiness of the proposed amendment. *See, e.g., S & W Enters.*, 315 F.3d at 536 (denying plaintiff leave to amend when it offered no explanation for three-month delay beyond deadline when it knew the same facts at time of filing original complaint); *Royal Ins. Co. of Am. v. Schubert Marine Sales*, 2003 WL 21664701,

*2-3 (E.D. La. July 11, 2003) (Engelhardt, J.) (finding defendant's explanation for seeking leave to amend his answer five weeks after deadline expired was insufficient because no justifiable reason for not obtaining information earlier); *Sanders v. Washington Mut. Home Loans, Inc.*, 2006 WL 1794739 (E.D. La. June 29, 2006) (finding failure to provide explanation for late filing weighed against allowing motion for leave) (Wilkinson, M.J.); *Tufaro v. Board of Comm'n for Orleans Levee Dist.*, 2003 WL 22290290 (E. D. La. Oct. 3. 2003) (weighing plaintiff's failure to explain delay in amending strongly against permitting amendment) (Wilkinson, M.J.).

Second, whether or not the discovery deadline has passed does not change whether BP and other defendants will be prejudiced by the Third Amended Complaint, as these discovery efforts, including the time spent preparing for Boggs' deposition, were based on the Original and First Amended Complaints. Moreover, as shown herein *infra*, significant discovery efforts have already been taken in this lawsuit, and certain of the statements made in Boggs' Third Amended Complaint directly conflict with the facts obtained in such prior discovery. The fact that discovery is ongoing only further emphasizes the late nature of Boggs' proposed amendments. Moreover, the fact that Boggs has provided medical authorizations and been open about his case, only signifies that Boggs has complied to date with the discovery process, as mandated by the Federal Rules of Civil Procedure. This fact does not, however, represent good cause. Similarly, whether Boggs complied with other deadlines ahead of the ordered deadline (i.e., providing expert reports) is irrelevant to Boggs' Motion to Amend.

Third, Boggs' request to add allegations about BP's criminal plea and prior MDL rulings that have been publicly available for years do not provide good cause for amendment. Boggs knew or should have known of these facts long ago and provides no explanation for his delay.

Fourth, the recent order that came out of the Middle District of Tennessee was issued in December 2021. Boggs' attempt to rely on this order, which is five months old, as a basis for

amendment does not show due diligence and in turn good cause for Boggs' Motion to Amend. Nor does plaintiff attempt to explain why an order in another court on certain theories already pled in Boggs' complaint somehow provides grounds for amendment. Boggs' attempt to invoke *Maas v. BP Exploration and Production Inc. et al*, 2:20-cv-00051 (Dec. 21, 2021 M. D. Tenn.), ECF No. 115, is therefore misplaced.

Ultimately, Boggs does not identify ***why*** the amendment is important and his failure to establish good cause for modifying the Scheduling Order provides sufficient grounds on its own for denying Boggs' Motion to Amend. *E.g.*, *Lindsley*, 2008 WL 4829614, at *3 ("Because plaintiffs have failed to meet the good cause standard of Rule 16(b), the motion is denied, and the court need not address whether their motion satisfies the requirements of Rule 15(a)."). In addition, Boggs' requested amendments are not in the interest of justice as is necessary for giving free leave to amend under Rule 15(a) when such leave is timely requested. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (leave to amend under Rule 15(a) "is by no means automatic") (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)). Accordingly, BP requests that the Court deny Boggs' Motion to Amend.

**C. Allowing Boggs to Amend His Complaint Would Prejudice BP.**

BP and the other defendants in this lawsuit will be prejudiced by the proposed Third Amended Complaint. BP has (1) litigated this case for nearly a year based on Boggs' Original and First Amended Complaints, (2) engaged in long-standing discovery regarding the case, and (3) prepared for and taken the deposition of Boggs and his wife. Much of BP's time and effort will be wasted if the belated amendment is permitted. In addition, discovery will need to be repeated because the Third Amended Complaint revises and conflicts with previous testimony and statements that Boggs made (more money and delay), and the case will undoubtedly be delayed (more time and money and judicial resources).

BP took Boggs' deposition on January 5, 2022. Now, the Third Amended Complaint makes new claims that were made in conflict with Boggs' current deposition testimony. Boggs also added a new substantive claim that was not previously before this Court for Negligent Infliction of Emotional Damages ("NIED Claim") and damages for injury to kidneys and blood pressure problems. Nothing in Boggs' Third Amended Complaint constitutes a new discovery that was not made prior to the deadline to amend pleadings.

**i. Boggs' Blood Pressure Is Not At Issue in This Lawsuit.**

Boggs' Motion to Amend asserts that his blood pressure problems were first linked to the *Deepwater Horizon* oil spill based on a recent publication. However, the cited publication is irrelevant to Boggs for two reasons. First, Boggs admitted in his deposition that hypertension was not an issue related to the lawsuit. *See, e.g.*, Boggs Deposition, attached hereto as Exhibit "A", at 259:15-19 (Boggs agreeing all "physical injuries or illnesses that [he] [is] alleging that are in any way related to Deepwater Horizon whether caused or exacerbated" had been spoken about, even though hypertension or other blood pressure problems were not discussed); *id.* at 185:8-18 (stating his heart was not an issue).

Second, the new publication is irrelevant to Boggs. The Abstract of the publication states study "participants did not have diagnosed hypertension at the time of the oil spill." *See* Association of Deepwater Horizon Oil Spill Response and Cleanup Work With Risk of Developing Hypertension, attached hereto as Exhibit "B". Boggs' medical records indicate that he was diagnosed with hypertension as early as May 2007. *See* Plaintiff's medical records from Dr. Giralt, attached hereto as Exhibit "C". Accordingly, the publication is irrelevant to Boggs' claims.

**ii. Boggs Knew He Had Kidney Disease Prior to Filing His Original Complaint.**

Boggs' Third Amended Complaint includes damages for Stage 3 kidney disease. *See* Second Amended Complaint, § 11(B). However, Boggs admitted in his deposition that he knew as early as 2014 that he had kidney disease. Ex. A at 193:23-194:15 (stating he was diagnosed with Stage 3 kidney disease on August 19, 2014). Boggs and his previous counsel, Mr. Loehn, were at the deposition and in possession of medical records diagnosing such condition. Indeed, Boggs filed the Original Complaint himself in 2016 and was clearly aware that he had kidney disease at that time. *See* Rec. Doc. 1. Moreover, the Second Amended Complaint states that Boggs' "treating nephrologist states in his notes that the kidney disease was caused either by inhalation of the BP fumes or high blood pressure." Second Amended Complaint, § 11(B). Nevertheless, Boggs admitted in his deposition that these notes were from 2018 and are not a new discovery. Boggs did not identify any reason for his tardiness in not previously bringing claims related to his kidneys.

This Court has denied similar requests to amend when, as here, the "motion papers provide no explanation for the late filing." *Sanders v. Wash. Mut. Home Loans, Inc.*, No. 05-2166, 2006 WL 1794739, at *1 (E.D. La. June 29, 2006); *see also Bech v. Wells Fargo Bank, N.A.*, No. 09-7667, 2010 WL 4668484 (E.D. La. Nov. 3, 2010) (denying leave to amend after the deadline to amend pleadings, noting that "plaintiffs have given the Court no good cause for why they could not have reasonably met the deadlines in the Scheduling Order").

**iii. Allowing Boggs' Claim for Negligent Infliction of Emotional Damages ("NIED") Would Prejudice BP.**

Boggs' Second Amended Complaint bring a claim for NIED. Boggs alleges this claim is based on an Order and Reasons that Judge Barbier issued in 2011, and for physical injuries that were realized before the filing of the Original Complaint. Boggs offers no good cause for why he

did not previously bring this claim. Indeed, Boggs offers no excuse for failing to previously file his NIED claim. Allowing Boggs to bring this claim at this point in the litigation will prejudice BP, who has already spent significant time and resources in conducting discovery and planning its defense in this lawsuit. Accordingly, BP asks that the Court deny Boggs' Motion to Amend as it relates to his NIED claim.

**D. A Continuance Would Not Cure BP's Prejudice.**

Even though the remaining, unexpired deadlines in this case have been continued, BP will still be prejudiced by Boggs' Third Amended Complaint, as BP will still be burdened with the increased costs of conducting such discovery efforts a second time. BP would suffer from such a result.

## III. CONCLUSION AND PRAYER

Granting Boggs' Motion to Amend and allowing the proposed Third Amended Complaint would only prejudice BP and the other defendants who have litigated this case and conducted discovery based on the earlier complaints. Boggs has no credible excuse for the delay in seeking to amend his complaint. Thus, BP respectfully requests that Boggs' Second Motion to Amend be denied.

Dated: May 10, 2022

Respectfully submitted,

**LISKOW & LEWIS**

*/s/ Wade T. Howard*

**Wade T. Howard, T.A.** (Bar #32041)
**Lead Attorney**
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Email: wthoward@liskow.com

**ATTORNEY IN CHARGE FOR BP EXPLORATION & PRODUCTION INC., BP AMERICA PRODUCTION COMPANY, AND BP P.L.C.**

**OF COUNSEL:**

Elizabeth M. Byrne (Fed. ID #3479251)
**LISKOW & LEWIS**
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Email: embyrne@liskow.com

R. Keith Jarrett (Bar #16984)
Charles B. Wilmore (Bar #28812)
Devin Reid (Bar #32645)
**LISKOW & LEWIS**
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108
Emails: rkjarrett@liskow.com
cbwilmore@liskow.com
dcreid@liskow.com

A. Katrine Jakola, P.C.
Martin L. Roth, P.C.
Kristopher Ritter
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Emails: katie.jakola@kirkland.com
rothm@kirkland.com
ritterk@kirkland.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2022, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have served this filing by hand delivery, facsimile, electronic

transmission, or United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Wade T. Howard*
Wade T. Howard