UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES A. BOGGS,**<br>  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-13476** |
| **BP EXPLORATION & PRODUCTION INC., ET AL.,**<br>  Defendants | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is a Motion for Appeal/Review of the Magistrate Judge's July 28, 2022 Order ("Motion for Review" or "appeal") by Charles A. Boggs ("Plaintiff")[1]—an Order in which the Magistrate Judge denied Plaintiff's Motion for Leave to File a Supplemental Second Amended Complaint ("Motion for Leave").[2] BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. ("Defendants")[3] filed an opposition to Plaintiff's appeal.[4] Plaintiff filed a reply in support.[5] For the reasons that follow, Plaintiff's appeal is **DENIED**.

## BACKGROUND

Plaintiff filed the instant lawsuit over six years ago, alleging his exposure to *Deepwater Horizon* toxins while residing in a home that fronts the Gulf of Mexico in Long Beach, Mississippi, caused him to suffer a host of adverse medical conditions.[6] On April

---

[1] R. Doc. 94. The Order is dated July 28, 2022, though it was docketed July 29, 2022.
[2] R. Doc. 85.
[3] Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, Triton Asset Leasing, GmbH, Halliburton Energy Service, Inc., Sperry Drilling Services, and Transocean, Ltd., additional Defendants in this case, did not file an opposition.
[4] R. Doc. 101.
[5] R. Doc. 106.
[6] R. Doc. 94-17 at p. 1.

1

29, 2022, Plaintiff filed a Motion for Leave.[7] In doing so, Plaintiff sought to amend his complaint to add allegations linking his hypertension and decrease in kidney function to his exposure to *Deepwater Horizon* toxins and to add a claim for negligent infliction of emotional distress ("NIED").[8] The deadline to amend pleadings was October 18, 2021.[9] Accordingly, Defendants opposed the Motion for Leave, and the Motion was referred to Magistrate Judge Karen Roby.[10]

On July 29, 2022, the Magistrate Judge denied Plaintiff's Motion for Leave.[11] Plaintiff now appeals the Magistrate Judge's Order.[12]

## LEGAL STANDARDS

### I. Standard of Review on Appeal

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.2, non-dispositive pretrial matters decided by a magistrate judge may be appealed to a district judge. A magistrate judge is afforded broad discretion in resolving non-dispositive pretrial motions.[13] The order of a magistrate judge may be reversed only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[14] In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[15]

---

[7] R. Doc. 73.
[8] *Id.*
[9] R. Doc. 54. The Court vacated the Scheduling Order in this case on April 21, 2022—six months after the deadline to amend pleadings. R. Doc. 70. Obviously, the Court only vacated unexpired deadlines, not those that had already passed.
[10] R. Doc. 101.
[11] R. Doc. 85.
[12] R. Doc. 94.
[13] *McCallon v. BP Am. Prod. Co.*, Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov.8, 2006).
[14] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).
[15] *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

## II.     Rule 16(b) Standard

Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired.[16] Rule 16(b) provides that once a scheduling order has been entered, it "may be modified for only good cause and with the judge's consent."[17] This requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[18] Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[19]

## **LAW AND ANALYSIS**

In this case, Plaintiff was required to satisfy the Rule 16(b) good cause standard because the deadline to amend pleadings in the Scheduling Order passed before Plaintiff's Motion for Leave was filed.[20] In considering Plaintiff's Motion for Leave, the Magistrate Judge applied the Rule 16(b) good cause standard and found Plaintiff failed to carry his burden.[21] On appeal, Plaintiff objects to Magistrate Judge Roby's findings for three reasons.[22]

First, Plaintiff argues the Magistrate Judge erred in characterizing Plaintiff's 2007 elevated heart rate diagnosis as suggestive of hypertension. The Magistrate Judge found a January 2022 "peer review study" linking exposure to oil dispersants and cardiovascular

---

[16] *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).
[17] FED. R. CIV. PRO. 16(b).
[18] *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) (internal citations omitted).
[19] *Sw. Bell. Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters.*, 315 F.3d at 536).
[20] *Fahim*, 551 F.3d at 348.
[21] R. Doc. 85.
[22] R. Doc. 94-17.

conditions was not in and of itself good cause to amend Plaintiff's complaint after the October 18, 2021 deadline.[23] In reaching her conclusion, Magistrate Judge Roby reasoned the study did not apply to Plaintiff because the study excluded participants diagnosed with hypertension, and Plaintiff was diagnosed with hypertension as early as May 2007.[24] In substance, Plaintiff objects to the Magistrate Judge's finding because "[t]he only medical records before Magistrate Judge Roby did not include a diagnosis of hypertension." However, Exhibit C to Defendants' opposition to Plaintiff's Motion for Leave is Plaintiff's medical records from 2007, in which Plaintiff's medical provider plainly diagnosed Plaintiff with "Hypertension."[25] Accordingly, the Court finds the Magistrate Judge did not clearly err in finding the January 2022 peer review study was not good cause to amend Plaintiff's complaint to add allegations of hypertension caused by exposure to *Deepwater Horizon* toxins. The peer review study, by its own terms, did not apply to Plaintiff.

Second, Plaintiff argues the Magistrate Judge erred in finding Defendants would be prejudiced by Plaintiff amending his complaint to add a diagnosis of hypertension allegedly caused by exposure to toxins and dispersants and an NIED claim.[26] Plaintiff argues, because the Court "already vacated the remaining deadlines and trial date that extend the time for the parties to submit their expert reports,"[27] no prejudice to Defendants will result by an amendment because there exists ample time for Defendants to take additional depositions, conduct further discovery, and put forth additional experts. This argument, however, presupposes that Defendants' ability to conduct further

---

[23] *Id.* at p. 11; *see also* R. Doc. 85.
[24] R. Doc. 85 at p. 8.
[25] R. Doc. 78-3 at p. 1.
[26] R. Doc. 94-17 at pp. 13, 15-16.
[27] *Id.* at p. 13.

4

discovery *ipso facto* means Defendants are not prejudiced. In reality, the costs and expenses associated with having to conduct additional discovery, re-take depositions or take new depositions, and hire new experts is evidence of prejudice to Defendants on account of the proposed amended pleading.[28] Accordingly, the Magistrate Judge did not clearly err in finding prejudice to Defendants by the filing of the proposed Second Amended Complaint.

Third, Plaintiff argues the Magistrate Judge erred in finding Defendant was not put on notice of his NIED claim because Plaintiff, "through discovery, provided the BP Defendants with many documents that put them on notice that Mr. Boggs had a fear of contracting cancer," which is evidence of emotional distress, *i.e.*, the basis of Plaintiff's NIED claim.[29] Nowhere in Plaintiff's original Motion for Leave,[30] memorandum in support,[31] or reply in support[32] does Plaintiff even allude to documents produced in discovery suggesting Defendants were on notice of an NIED claim. Said differently, these are arguments raised for the first time by Plaintiff on appeal. Facts and issues raised for the first time in a movant's objections to a Magistrate Judge's Order are not properly before the district court.[33] Accordingly, these objections need not be addressed by the Court.[34]

---

[28] *See Filguiera v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 423-24 (recognizing the option of extending litigation through a continuance "would not avoid the inevitable prejudice" caused by "great expense" to defend new claims).
[29] R. Doc. 94-17 at p. 14.
[30] R. Doc. 73.
[31] R. Doc. 73-1.
[32] R. Doc. 82.
[33] *Flores v. Scott*, 1995 WL 371237, at *2 (5th Cir. 1995); *see also United States v. Armstrong*, 951 F.3d 626, 630 (5th Cir. 1992).
[34] *Flores,* 1995 WL 371237, at *2 ("[I]ssues raised for the first time in objections to the magistrate judge's [Order] are not properly before the district court and need not be addressed.").

In sum, Plaintiff's objections to Magistrate Judge Roby's Order are without merit. The Order on appeal was not clearly erroneous or contrary to law.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion for Review[35] is **DENIED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Roby's July 28, 2022 Order[36] is **AFFIRMED**.

**New Orleans, Louisiana, this 29th day of November, 2022.**

                              **SUSIE MORGAN**
                     **UNITED STATES DISTRICT JUDGE**

---

[35] R. Doc. 94.
[36] R. Doc. 85.