UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES A. BOGGS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-13476** |
| **BP EXPLORATION & PRODUCTION INC., ET AL.,**<br>    **Defendants** | **SECTION: "E" (4)** |

### ORDER AND REASONS

Before the Court is a Motion to Extend Case Management Deadlines ("Motion to Amend the Amended Scheduling Order" or "Motion") filed by Charles A. Boggs ("Plaintiff").[1] BP Exploration & Production, Inc. and BP America Production Company ("Defendants")[2] filed an opposition.[3] Plaintiff filed a reply in support.[4] For the reasons that follow, Plaintiff's Motion is **GRANTED**.

### BACKGROUND

Plaintiff filed the instant B3 action over six years ago, alleging his exposure to *Deepwater Horizon* ("DWH") toxins while residing in a home that fronts the Gulf of Mexico in Long Beach, Mississippi, caused him to suffer a host of adverse medical conditions.[5] On September 20, 2021, a Scheduling Order was issued.[6] Seven months later,

---

[1] R. Doc. 109.
[2] BP p.l.c., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, Triton Asset Leasing, GmbH, Halliburton Energy Service, Inc., Sperry Drilling Services, and Transocean, Ltd., additional Defendants in this case, did not file an opposition.
[3] R. Doc. 113.
[4] R. Doc. 120.
[5] R. Doc. 94-17 at p. 1.
[6] R. Doc. 54.

1

on April 19, 2022, the parties jointly moved to amend the Scheduling Order.[7] Thereafter, the Court issued an Amended Scheduling Order—the current scheduling order in place in this case.[8] Presently, Plaintiff's expert reports must be delivered to defense counsel by December 16, 2022, depositions and discovery will conclude February 7, 2023, the dispositive motion deadline is February 14, 2023, and trial is set for April 17, 2023.[9] Now before the Court is Plaintiff's opposed November 21, 2022 Motion to Amend the Amended Scheduling Order.[10]

## LAW AND ANALYSIS

Rule 16(b) provides that once a scheduling order has been entered, it "may be modified for only good cause and with the judge's consent."[11] The good cause standard requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[12] The Fifth Circuit has instructed district courts to consider four factors in exercising their "broad discretion to preserve the integrity and purpose of the pretrial order."[13] Namely, (1) the explanation for the requested extension; (2) the importance of the discovery; (3) potential prejudice in allowing the extension; and (4) the availability of a continuance to cure such prejudice.[14] In deciding whether to grant an extension, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[15]

---

[7] R. Doc. 69.
[8] R. Doc. 77.
[9] *Id.* at pp. 8, 9, 12.
[10] *See* R. Doc. 109 (for Plaintiff's Motion); *see also* R. Doc. 113 (for Defendant's opposition to the Motion).
[11] FED. R. CIV. PRO. 16(b).
[12] *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) (internal citations omitted).
[13] *Id.* at 535-56 (internal quotations omitted).
[14] *Id.* at 536.
[15] *See Mejia v. Brothers Petroleum, LLC*, 2015 WL 5254696, at *4 (E.D. La. 9/9/2015) (Vance, J.).

In terms of the first factor, Plaintiff points to discovery delays by third parties as his explanation for the requested extension. In their briefing, the parties agree about the status of third-party discovery, as follows. First, CTEH produced all documents requested in response to a January 3, 2022 subpoena issued by a different DWH plaintiff, though represented by Plaintiff's counsel, the Downs Law Group.[16] Plaintiff argues his counsel needs additional time to review the documents produced by CTEH because the "production was . . . extremely voluminous."[17] Second, Exponent has produced some, though not all, documents in response to a July 5, 2022 subpoena issued by a different DWH plaintiff, though represented by Plaintiff's counsel.[18] Plaintiff contends the first volume of Exponent's rolling production was not received until November 3, 2022.[19] Third, there is outstanding production of documents responsive to a subpoena issued on January 14, 2022, to Battelle by a different DWH plaintiff, though represented by Plaintiff's counsel.[20] "Plaintiff's counsel [represents it] has only received the first of three rounds of production from Batelle." Fourth, there is outstanding production of documents responsive to a subpoena issued on January 4, 2022, to Nalco/ChampionX by a different DWH plaintiff, though represented by Plaintiff's counsel.[21] Plaintiff's counsel represents production by Nalco/ChampionX is currently pending resolution of a motion to quash in the Southern District of Texas.[22] The motion to quash was filed on January 5, 2022, and has not been resolved. The underlying case in which the subpoena was issued

---

[16] R. Doc. 109-1 at pp. 7, 15.
[17] *Id.* at p. 17.
[18] *Id.* at p. 14 n.40..
[19] *Id.* at p. 7 n.26, p. 20.
[20] *Id.* at p. 21.
[21] *Id.* at p. 19.
[22] *Id.* at p. 19 n.52.

is *Nguyen v. BP*, a BELO case before this Court.[23] The Court finds these discovery delays sufficiently explain why Plaintiff cannot reasonably comply with the present scheduling order. This factor weighs in favor of granting the requested extension.

Second, in terms of the importance of the outstanding discovery, Plaintiff makes several arguments in support. The core of Plaintiff's argument, though, is that outstanding production of documents by Defendants' contractors, Center for Toxicology and Environmental Health ("CTEH"), Exponent, Inc., Battelle Labs, and Nalco/ChampionX, in response to subpoenas issued in January and July of this year by Plaintiff's counsel in other DWH cases, once produced, may aid this Court in resolving future *Daubert* and dispositive motions.[24] Specifically, Plaintiff theorizes "BP controlled laboratory data and BP . . . funded scientific literature minimizing deleterious effects of the BP Spill[, literature that is] irretrievably tainted by funding bias and data unreliability because of financial relationships between the BP Defendants and various entities that produced scientific evidence."[25] Proving this theory, Plaintiff argues, will help to shore up deficiencies courts have identified with B3 plaintiffs' causation evidence.[26] The Court finds many of the issues raised by the parties about the merits of Plaintiff's theory of the case would be more appropriately addressed at the *Daubert* or dispositive motion stage of litigation. Accordingly, this factor neither weighs in favor of nor against granting the requested extension.

---

[23] *See* 19-2092 (Morgan, J.). Judge Ellison of the Southern District of Texas denied a motion to transfer the discovery dispute to this Court. *See* R. Doc. 20 in 22-07 (S.D. TX., 6/10/2022).
[24] R. Doc. 119-1 at pp. 6-7.  To be clear, these contractors are not parties to this case.
[25] R. Doc. 119-1 at pp. 4-5, 7.
[26] *Id.* For deficiencies, see generally *Harrison v. BP Exploration & Production, Inc., et al.*, 2022 WL 2390733 (E.D. La. 7/1/2022) (Morgan, J.).

Considering the third and fourth factors—whether modifying the scheduling order would prejudice the nonmovant and whether a continuance could cure the prejudice—other federal district courts have granted similar motions filed by Plaintiff's counsel in other DWH cases, thereby finding any resulting prejudice to Defendants insubstantial.[27] This Court agrees. Certainly, in most cases, modifying a scheduling order will prejudice the non-moving party because the case drags on a little longer. However, in light of the third-party discovery delays in, and the context of, this case, the kind of generic prejudice pointed out by Defendants is unconvincing. Plaintiff timely moved to amend the scheduling order in light of discovery delays well in advance of the discovery deadline. Moreover, the requested extension will not surprise Defendants, who are acutely aware of the outstanding discovery in this case.[28] This factor weighs in favor of granting the requested extension.

At bottom, the Court agrees with Plaintiff that these DWH cases involve complicated scientific and legal questions.[29] Given Plaintiff's counsel demonstration of diligence and good cause for an extension, the scheduling order should be amended to allow Plaintiff an opportunity to obtain the discovery he contends is important to proving his case. Be that as it may, all parties are forewarned that, "[a]bsent extraordinary circumstances, no more extensions will be granted."[30]

---

[27] *See, e.g.*, *Guerrero v. BP Exploration & Production, Inc., et al.*, Civ. A. 20-263, R. Doc. 76 at p. 2 (M.D. Fl. 10/7/2022) (Bucklew, J.). The court in *Guerrero* was faced with similar arguments from BP that Plaintiff's issuance of subpoenas in January and July of 2022 indicates a lack of diligence. Ultimately, the Court did not find those arguments convincing. Neither does this Court. Issuing subpoenas in January 2022, nearly a year before the close of discovery, is not clearly indicative of a lack of diligence. The same holds true for the subpoena issued in July.

[28] *See Carollo v. ACE American Insurance Co.*, 2019 WL 4038602 (E.D. La. 8/27/2019) (Vitter, J.) (finding potential surprise to the non-moving party a relevant consideration).

[29] R. Doc. 109-1 at p. 9.

[30] *Guerrero*, Civ. A. 20-263, R. Doc. 76 at p. 2.

**CONCLUSION**

**IT IS ORDERED** that Plaintiff's Motion to Amend the Amended Scheduling Order[31] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Amended Scheduling Order is hereby **VACATED**.[32] The Court's case manager will hold a conference with the parties to produce an amended scheduling order that extends all unexpired deadlines by ninety days.

New Orleans, Louisiana, this 13th day of December, 2022.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[31] R. Doc. 109.
[32] R. Doc. 77.