# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES A. BOGGS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-13476** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.,**<br>    **Defendants** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is Plaintiff, Charles Boggs, who filed a Motion for Leave to Amend, Supplement, and/or Correct Dr. Francesca Dominici's Expert Report.[1] The motion is opposed by Defendant BP.[2] Plaintiff also filed a reply in support of his motion.[3]

## BACKGROUND

This action is a "B3" case arising out of the 2010 Deepwater Horizon oil spill in the Gulf of Mexico.[4] B3 cases assert "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)."[5] Plaintiff filed the instant lawsuit over eight years ago, alleging his exposure to *Deepwater Horizon* toxins, while residing in a home in Long Beach, Mississippi, that fronts the Gulf of Mexico, caused him to suffer a host of adverse medical conditions.[6] Trial is scheduled for January 6, 2025.[7]

---

[1] R. Doc. 222. The Plaintiff filed a motion for a status conference, which the Court granted. R. Docs. 218, 220. At the status conference, the Court ordered the Plaintiff to file his motion to amend or supplement Dr. Dominici's report and the Defendant to file its response. R. Doc. 223.
[2] R. Doc. 245.
[3] R. Doc. 246-1; R. Doc. 263.
[4] *See* R. Doc. 8 (severing 780 cases in the B3 pleading bundle and re-allotting them among the EDLA district judges.) (Barbier, J.).
[5] *In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, 2021 WL 6053613, at *10 (E.D. La. Apr. 1, 2021) (Barbier, J.).
[6] *See* R. Doc. 1
[7] *See* R. Doc. 242 (November 8, 2024 Amended Scheduling Order).

Relevant to the instant motion, Plaintiff's expert report deadline was July 5, 2024.[8] Plaintiff timely provided Dr. Dominici's expert report to Defendants on that date.[9] Defendants' expert report deadline was extended to September 10, 2024.[10] On October 7, 2024, Plaintiff timely listed Dr. Dominici as an expert witness on his first witness list.[11] Dr. Dominici is a Professor of Biostatistics at the Harvard T.H. Chan School of Public Health.[12] In Plaintiff's witness list, Dr. Dominici's expertise is described as "the development of statistical methods for the analysis of large datasets and for combining information across heterogeneous data sources," including "environmental impacts on health outcomes."[13]

On October 25, 2024, the extended deadline for all discovery in this matter,[14] Dr. Dominici sat for her deposition.[15] At her deposition, for the first time, Dr. Dominici disclosed to the Defendants corrections she made to her original report, along with new calculations, in a document Plaintiff entitles "Notes & Supplemental Calculations from Dr. Dominici."[16] Notably, on pages 14-17 of the document, Dr. Dominici (1) explains her error in using the incorrect address for Plaintiff in her exposure analysis, (2) attaches new graphs and tables reflecting the exposure data relevant to Plaintiff's correct address, and

---

[8] R. Doc. 148, p. 8 (February 20, 2024 Amended Scheduling Order).
[9] *See* R. Doc. 222-1, p. 15.
[10] R. Doc. 163, p. 2 (August 8, 2024 Amended Scheduling Order).
[11] R. Doc. 198-1, p. 7.
[12] R. Doc. 215-1, p. 7.
[13] *Id.*
[14] R. Doc. 202, p. 6 (October 11, 2024 Amended Scheduling Order).
[15] R. Doc. 222-1, p. 7; R. Doc. 222-3, p. 2.
[16] R. Doc. 222-1, p. 7; *id.* at p. 4. Plaintiff cites the "Notes and Supplemental Calculations" as Exhibit 2 to his motion, at R. Doc. 222-3. However, R. Doc. 222-3 as filed on the record is a transcript of Dr. Dominici's deposition. BP attached Dr. Dominici's Notes & Supplemental Calculations to its opposition at R. Doc. 245-1.

2

(3) concludes that the corrections reflecting Mr. Boggs' accurate home location do not affect the overall results and conclusions of her report.[17]

On November 4, 2024, Plaintiff requested a status conference with the Court to address "the need for Plaintiff to supplement Dr. Dominici's report to correct a minor miscalculation error."[18] On November 5, 2024, the Court held a status conference. At the conference, BP objected to the Plaintiff being allowed to supplement Dr. Dominici's report. Plaintiff informed the Court that he wished to file a motion for leave to amend Dr. Dominici's report that day.[19] The Court informed the parties that the briefing schedule for any *Daubert* motion filed with respect to Dr. Dominici would be determined after the Court decided whether to allow Dr. Dominici to file a supplemental report.[20]

On November 5, 2024, Plaintiff filed his motion for leave of Court to "Amend, Supplement, and/or Correct" the expert report of Dr. Francesca Dominici.[21] Plaintiff states in his motion that Dr. Dominici's supplemental "testimony is crucial to Mr. Boggs' case because the Fifth Circuit requires toxic tort plaintiffs to introduce expert testimony proving causation, and Dr. Dominici's report, along with Plaintiff's other experts reports, collectively establish general and specific causation for Plaintiff . . . . Dr. Dominici is the only expert who calculated Mr. Boggs' Particulate Matter exposure."[22]

Defendant timely filed its opposition, arguing that Dr. Dominici's supplemental report and data are an impermissible attempt to alter her original report and implement new calculations after the expert report deadline.[23] Defendant further argued that,

---

[17] R. Doc. 245-1, pp. 14-17.
[18] R. Doc. 218, p. 1.
[19] R. Doc. 223, p. 2.
[20] *Id.*
[21] R. Doc. 222.
[22] R. Doc. 222-1, p. 9.
[23] R. Doc. 245.

3

because the supplemental report, using the corrected address, altered the geographic "zone" of Dr. Dominici's exposure analysis, the new calculations "must be based upon the inclusion of significant new data."[24] Defendant represented that "BP's experts cannot confirm" whether the new report calculations included "significant new data" because Dr. Dominici did not provide "the backup files for which she claims to base the new calculations in her New Report."[25]

On November 22, 2024, the Court requested counsel for BP confirm whether BP was still in need of additional materials to assess whether Dr. Dominici's amended calculations contained "significant new data." On November 25, 2024, BP informed the Court that Plaintiff had provided BP with the amended "backup files" that morning. BP attached a declaration from its expert, Dr. Ranjit Machado, stating that he needed two-to-three weeks to "verify whether [the] production includes all of the associated data" contained in Dr. Dominici's new calculations. On November 26, 2024, Plaintiff informed the Court that "BP has not reached out to Plaintiff's counsel, has not attempted to meet and confer, and submitted its expert's declaration to the Court without ever communicating with the Plaintiff." Plaintiff also attached a declaration from Dr. Dominici stating that "all methods and data to analyze the BP mobile monitoring data and PM2.5 predictions dataset were previously made available" to BP on the date of the original report disclosure.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), an expert report must contain the following:

---

[24] *Id.* at p. 8.
[25] *Id.* at p. 9.

4

   (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

   (ii) the facts or data considered by the witness in forming them;

   (iii) any exhibits that will be used to summarize or support them.[26]

Rule 26(e) requires that litigants timely supplement previous expert disclosures, including information contained in expert reports, if they learn "that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[27] "Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."[28] Pursuant to Rule 26(a)(3)(B), the deadline for pretrial discloses is thirty days before trial, "[u]nless the court orders otherwise."[29] "The purpose of supplementary disclosures is just that—to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline."[30]

  In determining whether a violation of Rule 26 is harmless or substantially justified, a court considers: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[31] "Failure to abide by Rule 26(a) [or 26(e)'s] disclosure requirements prompts sanctions under Federal Rule

---

[26] FED. R. CIV. P. 26(a)(2)(B)(i)-(iii).
[27] FED. R. CIV. P. 26(e)(1)-(2).
[28] FED. R. CIV. P. 26(e)(2).
[29] *LaShip, LLC v. Hayward Baker, Inc.*, No. CV 11-0546, 2013 WL 12238849, at *1 (E.D. La. Oct. 25, 2013) (quoting Fed. R. Civ. Pro. 26(a)(3)(B)).
[30] *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998) (footnotes omitted).
[31] *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

of Civil Procedure 37(c)."[32]

>Rule 37(c) provides:
>
>(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

A district court may exercise discretion in determining whether to exclude an expert on these grounds.[33] In determining whether a party's failure to disclose or supplement is harmless or substantially justified, a court generally considers: "(1) the explanation for the failure to identify the witness [or the material]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[34] Additionally, "[t]he language of Rule 37(c)(1) gives the court broad discretion to fashion a remedy, as the court 'may impose other appropriate sanctions.'"[35]

Rule 16(b)(4) provides "[a] schedule may be modified only for good cause." "Good cause requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension." Courts consider several factors in determining whether a party has provided good cause to modify a discovery deadline, including: "'(1) the explanation for the failure to [timely move for leave]; (2) the importance of the [revised expert report]; (3) potential prejudice

---

[32] *Honey-Love v. United States*, 664 F. App'x 358, 361-62 (5th Cir. 2016); *Greenberg v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, No. CV 19-137, 2020 WL 1689876, at *3 (E.D. La. Apr. 7, 2020).
[33] *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).
[34] *Id.*
[35] *Williams v. BP Expl. & Prod., Inc.*, No. CV 18-9753, 2019 WL 6615504, at *2 (E.D. La. Dec. 5, 2019) (quoting *Reed v. Binder*, 165 F.R.D. 424, 431 (D.N.J. 1996)).

in allowing the [revised expert report]; and (4) the availability of a continuance to cure such prejudice.'"[36] This analysis is substantively similar to that under Rule 37.

## LAW AND ANALYSIS

Plaintiff argues that supplementation of Dr. Dominici's report is proper because Dr. Dominici made a "harmless error when inputting the residential address of Plaintiff into her computer model."[37] Plaintiff asserts that Dr. Dominici inputted Mr. Boggs' address as "630 West Beach Boulevard" while his correct address is "630 Beach Boulevard West."[38] Plaintiff argues the error was minimal, unintentional, and does not change Dr. Dominici's overall conclusions.[39] Plaintiff argues Dr. Dominici "felt it necessary to use the same methodology to correct the error and recalculate her numbers using Mr. Boggs' correct residential address."[40] Plaintiff characterizes this correction as a proper exercise of the Rule 26(e) duty to supplement disclosures and responses.[41]

Plaintiff's motion generally argues that he should be allowed to supplement Dr. Dominici's report.[42] Plaintiff clarifies in a few places that he seeks only to supplement Dr. Dominici's original report with pages 14-17 of the "new" report.[43] For example, in the conclusion of his argument, Plaintiff requests "admission of Dr. Dominici's Supplemental Calculations" rather than the admission of her "Supplemental Report" in its entirety.[44] Plaintiff argues that he timely proffered Dr. Dominici's amended calculations under Rule

---

[36] *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).
[37] R. Doc. 222-1, p. 2.
[38] *Id.*
[39] *Id.*
[40] *Id.*
[41] *Id.*
[42] *Id.* at p. 4 ("Plaintiff respectfully requests the Court admit her Supplemental report formally on the record.").
[43] *See, e.g.*, *id.* at p. 4, n.3, n.5; *id.* at p. 17, n.41.
[44] *Id.* at p, 4, 17.

7

26(e) because he disclosed her supplemental report to Defendants before the pretrial disclosure deadline.[45] Plaintiff argues that the "discovery/pretrial disclosure deadline" was October 25, 2024, the discovery deadline, and Dr. Dominici timely disclosed the corrections during her deposition on that day.[46] In the alternative, Plaintiff argues that, if the Court determines the supplemental disclosure was untimely, the late disclosure was substantially justified and harmless under the Fifth Circuit's Rule 37 analysis.[47] Plaintiff argues that any prejudice to BP because of the late disclosure may be cured through permitting BP to conduct an additional deposition of Dr. Dominici.[48] Plaintiff argues that, if the Court determines that the disclosure was untimely and warrants an award of sanctions, the Court should exercise discretion to impose a lesser sanction rather than complete exclusion of Dr. Dominici's supplemental report.[49]

BP opposes the motion, arguing that Defendant's request to supplement Dr. Dominici's report is an improper attempt to "offer new opinions once the scheduling order's deadline has passed" or to "supplement [her] earlier report with 'material additions.'"[50] Defendant argues that Dr. Dominici's new report "is an improper attempt to fix her original report," and that much of the report contains new opinions and data that are "not limited to a reworking of calculations associated with Boggs' correct address."[51] Defendant argues the new report incorporates data and sources that were the subject of defense expert critiques of Dr. Dominici's initial report.[52] Defendant argues that

---

[45] *Id.* at p. 7.
[46] *Id.* at p. 8.
[47] *Id.* at pp. 9-14.
[48] *Id.* at p. 14.
[49] *Id.* at pp. 16-18.
[50] R. Doc. 245, p. 4.
[51] *Id.* at pp. 7, 9.
[52] *Id.* at pp. 9-11.

8

Dr. Dominici's report is prejudicial to BP because defense experts were unable to analyze the data and methodology underlying her new calculations and findings.[53] Finally, Defendant argues the late disclosure was "untimely" because (1) the use of the improper address for Mr. Boggs was the subject of defense expert reports disclosed in September, and (2) Dr. Dominici's billing records indicate she billed time throughout September and October to reviewing defense reports and preparing for her deposition such that disclosure on October 25, 2024 was untimely.[54]

In his reply, Plaintiff clarifies that he "specifically only requested pages 14-17 [as] supplement [to] Dr. Dominici's report."[55] Plaintiff argues that "BP's complaints that Dr. Dominici's notes related to her rebuttal opinions are misplaced because that is not the relief sought here."[56] Plaintiff states that he "does not re-request that Dr. Dominici be granted leave to submit a Rule 26 rebuttal report or offer a new formal report . . . . [t]he issue . . . is whether Dr. Dominici should be permitted to re-calculate her exposure numbers where the original report calculated numbers based on an incorrect residential address of the Plaintiff."[57]

I. **Plaintiff's request to amend Dr. Dominici's report based on the corrected address data is not merely "supplemental" under Rule 26(e)(2).**

The Court ordered the Plaintiff to disclose his expert reports to the Defendants on or before July 5, 2024.[58] Plaintiff disclosed the new report and data from Dr. Dominici on

---

[53] *Id.* at pp. 11-12.
[54] *Id.* at pp. 12-13.
[55] R. Doc. 263, p. 2.
[56] *Id.* at p. 1.
[57] *Id.* at pp. 3-4.
[58] R. Doc. 148, p. 8 (February 20, 2024 Amended Scheduling Order); *see In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 371-74 (5th Cir. 2016) (stating that "[i]nitial expert disclosures must be 'full and complete,'" and the proper analysis for untimely disclosures is why the party failed "to request an extension of the expert disclosure deadline.").

9

October 25, 2024.[59] The Fifth Circuit has recognized that "when a party files an additional expert report after the expert disclosure deadline, the question is whether the report is 'supplemental.' If it is, then it falls within Rule 26(e) and is admissible. If not, i.e., the report asserts new analysis or conclusions, it runs afoul of Rule 26(e), and Federal Rule of Civil Procedure 37(c)(1) governs its admissibility."[60]

Though Plaintiff clarifies that he only seeks to supplement pages 14-17 of Dr. Dominici's new report, which he alleges account for the exposure analysis reflecting the corrected address for Mr. Boggs, the Court finds that the corrected data, tables, and figures are not merely an "incomplete" or "incorrect" disclosure as contemplated by Rule 26(e).[61] Dr. Dominici, as admitted by Plaintiff, is an essential causation expert, as she "is the only expert who calculated Mr. Boggs' Particulate Matter exposure."[62] The geographic data that forms the basis of her opinions is a substantial component of her causation expert testimony—and to her response to the defense experts' critique of her opinions. While Plaintiff characterizes the difference in addresses as a "scrivenor's error" because the incorrect address is "less than six miles from Mr. Boggs' actual residence [and] . . . within the zone that Dr. Dominici pulled data from in her initial report,"[63] Defendant points out that the corrections and recalculations based on Mr. Boggs' correct address rely on two newly-compiled datasets[64] from different geographic areas than those in the first report, which is a substantive alteration to the bases of Dr. Dominici's causation

---

[59] *See* R. Doc. 222-1, p. 7.
[60] *Majestic Oil, Inc.*, No. 21-20542, 2023 WL 2549892, at *2 (5th Cir. Mar. 17, 2023).
[61] *See* FED. R. CIV. P. 26(e).
[62] R. Doc. 222-1, p. 9.
[63] *Id.* at p. 2.
[64] R. Doc. 245, p. 8 (explaining the datasets contain a "prediction" dataset and a "mobile monitoring handheld device dataset").

10

opinions.[65] The amended calculations are "based on information available prior to the missed deadline for service of initial disclosures" rather than new or previously unavailable information.[66] Further, the address correction and reformulated data analysis followed Plaintiff's receipt of defense expert reports highlighting the geographical error.[67]

For the foregoing reasons, the Court concludes that Dr. Dominici's amended datasets, figures, and exposure findings based on Mr. Boggs's correct address contain new analyses such that the materials do not fall under Rule 26(e).[68] As a result, the Court must analyze whether Dr. Dominici's late disclosure is substantially justified or harmless to determine whether exclusion is warranted.[69]

## II. The *Geiserman* factors weigh in favor of allowing Dr. Dominici to supplement her report.

In effect, Plaintiff seeks leave of Court to extend his expert disclosure deadline from July 5, 2024 to October 25, 2024, when Dr. Dominici disclosed her new report and related materials.[70] The Court assesses the following factors to determine whether to exclude untimely expert materials: "(1) the explanation for the failure to identify the [information]; (2) the importance of the [information]; (3) potential prejudice in allowing the [information]; and (4) the availability of a continuance to cure such prejudice."[71]

---

[65] R. Doc. 245, pp. 7-9.
[66] *Raju v. Medtronic, Inc.*, No. 3:17-cv-357-CWR-LGI, 2021 WL 1232102, at *4 (S.D. Miss. Mar. 31, 2021).
[67] *See* R. Doc. 245, p. 5 n.9 (depicting a figure illustrating "the magnitude of the difference in location between Dr. Dominici's selection of Boggs' address (circled in blue) and Boggs' actual address (circled in black)") (noting that the figure was excerpted from the report of BP's expert Ranjit Machado).
[68] *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016).
[69] FED. R. CIV. P. 37(c)(1).
[70] *See* R. Doc. 222. *See also* FED. R. CIV. P. 16(b), (f) (authorizing district courts to exercise control over pretrial discovery and allowing the award of sanctions for failure to adhere to scheduling order deadlines).
[71] *Certain Underwriters at Lloyd's, London v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 270 (5th Cir. 2020); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

11

The first factor is the Plaintiff's explanation for Dr. Dominici's failure to timely disclose the supplemental data and calculations.[72] Plaintiff asserts that "when electronically searching for 630 West Beach Boulevard, the [incorrect] address in Pass Christian, MS is the first search result that populates, whereas the [correct] address in Long Beach, MS, is . . . 630 Beach Boulevard West."[73] Plaintiff argues that "the incorrect address is less than six miles from Mr. Boggs' actual residence and the actual address is within the zone that Dr. Dominici pulled data from in her initial report."[74] Plaintiff argues that Dr. Dominici's "mistake and any purported delay in proffering her Supplement were not due to bad faith or a lack of diligence."[75] Plaintiff states he provided Dr. Dominici with a copy of BP's expert reports to review in preparation for her deposition, and that Dr. Dominici realized she made a mistake as to the address while preparing for her deposition.[76] Plaintiff further argues that "the lag in Dr. Dominici's discovery of said mistake" is due to her "extremely busy schedule, and her calendar was especially booked in the months leading up to her deposition" with travel and university and academic engagements.[77] Plaintiff represents that upon discovery of her error while preparing for her deposition, Dr. Dominici immediately disclosed the error and the supplemental calculations during her deposition.[78] Plaintiff argues "Dr. Dominici should not be punished for making a mistake."[79]

---

[72] *See Geiserman*, 893 F.2d at 791.
[73] R. Doc. 222-1, p. 15.
[74] *Id.* at p. 2.
[75] *Id.* at p. 15.
[76] *Id.*
[77] *Id.* at p. 16.
[78] *Id.*
[79] *Id.*

The Court notes that how the error occurred is understandable and does not demonstrate bad faith or lack of diligence because of the similarity of the two addresses. Dr. Dominici appropriately sought to correct her mistake after becoming aware of the error when she received the defense expert's critique. This factor weighs in favor of Plaintiff.

The second factor is the importance of the supplemental information to the Plaintiff.[80] Dr. Dominici is an important causation expert regarding Mr. Boggs' particulate matter exposure, which is entirely dependent on Mr. Boggs' geographic location. Plaintiff argues that "[i]f Dr. Dominici's supplemental report is denied admission, Plaintiff would be prejudiced[,] as the mistakes in Dominici's original report may be improperly used by BP detrimentally at the *Daubert* phase to exclude the expert on minor procedural technicalities resulting from a calculation error or used to attack her credibility with the jury."[81] The Court agrees with Plaintiff that reformulated data and figures based on the correct address are of great importance to Plaintiff's case. The Court recognizes that Dr. Dominici's particulate matter exposure analysis, which is dependent on using Mr. Boggs' accurate location, is essential for Plaintiff to prove causation in his toxic tort case. Even if the error did not change Dr. Dominici's ultimate conclusions as to Plaintiff's particulate matter exposure because his correct address was within the geographic "zone" of data Dr. Dominici originally analyzed, the Court finds that accurate data supporting specific causation is important to Plaintiff's case.[82] The second factor weighs in favor of Plaintiff.

---

[80] *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).
[81] R. Doc. 222-1, pp. 9-10.
[82] *See id.* at p. 2.

The third factor is the potential prejudice to BP in allowing the supplemental information.[83] The Court recognizes there is significant prejudice to BP in allowing the new calculations at this stage. This case is in late stages of litigation, as trial is set to begin January 6, 2025. Dr. Dominici disclosed the new calculations and data at the close of discovery on October 25, 2024 during her deposition, leaving BP and its experts unable to meaningfully analyze her new calculations and data prior to that date. BP's experts have already completed their reports based on Dr. Dominici's original report and calculations. BP has filed a motion for summary judgment[84] based on the Plaintiff's current causation experts and their July 5, 2024 reports.[85] BP represents it has only recently received Dr. Dominici's supplemental data and is expending resources to analyze it by having its expert evaluate and verify the new data. Because of this late request to supplement Dr. Dominici's report, BP has been unable to submit a *Daubert* motion as to Dr. Dominici, and both parties presently await the Court's decision on the instant motion in order to submit appropriate *Daubert* briefing.[86] "[D]elay of even a few weeks in disclosing expert testimony disrupts the court's schedule and the opponent's preparation and is thus prejudicial."[87] As a result, this factor weighs in favor of BP.

The fourth factor is the availability of a continuance to cure prejudice to BP.[88] The Court finds that any prejudice to BP may be cured by granting a continuance in this matter. The Fifth Circuit has repeatedly stated "that a continuance is the 'preferred means

---

[83] *Geiserman*, 893 F.2d at 791.
[84] R. Doc. 231.
[85] Dr. Dominici, Dr. Savitz, and Dr. Durrani.
[86] *See* R. Doc. 223.
[87] *Buxton v. Lil' Drug Store Prod., Inc.*, No. 2:02CV178KS-MTP, 2007 WL 2254492 (S.D. Miss. Aug. 1, 2007), *aff'd*, 294 F. App'x 92 (5th Cir. 2008) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).
[88] *See Geiserman*, 893 F.2d at 791.

of dealing with a party's attempt to designate a witness out of time.'"[89] Although the Court has continued this matter several times over the years[90] and has a substantial interest in finally moving this case to trial, a continuance is the most appropriate remedy in this situation. BP represents that its expert needs two-to-three weeks to evaluate Dr. Dominici's new data, while Plaintiff disputes BP's representation that it has only recently obtained the new data for analysis. The Defendants' anticipated *Daubert* motion must be decided before the Court may decide Defendants' summary judgment motion on causation.[91] Because of the supplemental disclosure, the parties do not yet have a deadline for filing a *Daubert* motion with respect to Dr. Dominici. Depending on BP's expert's findings, the parties may require an additional deposition of Dr. Dominici and may wish to file a supplemental defense expert report in respect to Dr. Dominici's testimony. Trial is quickly approaching on January 6, 2025. Without a continuance, there is insufficient time for the parties and the Court to prepare the case for trial. A continuance will ensure the parties are adequately prepared and will reduce prejudice to either party. This factor weighs in favor of a continuance.

As a result, the Court finds that, based on the *Geiserman* factor analysis, a continuance is necessary to resolve the issues concerning the pending *Daubert* motions, the pending motion for summary judgment on causation, and any motions that may result from the supplemental report by Dr. Dominici. The Court will grant Plaintiff's motion.[92]

Accordingly;

---

[89] *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 374 (5th Cir. 2016) (quoting *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1001 (5th Cir. 1998)).
[90] *See, e.g.*, R. Docs. 70, 123, 128, 131, 148, 163.
[91] R. Doc. 231.
[92] R. Doc. 222.

**CONCLUSION**

**IT IS ORDERED** that Plaintiff's motion[93] is **GRANTED.** Plaintiff is permitted to supplement, amend, and/or correct Dr. Dominici's July 5, 2024 report[94] with pages 14-17 of Dr. Dominici's "Notes & Supplemental Calculations," including her calculations and data based on Plaintiff's corrected address.[95]

**IT IS FURTHER ORDERED** that Defendants, upon review of Dr. Dominici's data disclosed on November 25, 2024, will inform the Court **on or before December 16, 2024** whether they have all the information and data files they need to properly evaluate pages 14-17 of Dr. Dominici's supplemental report and calculations. By that date, if Defendants determine they do *not* have all required information, they shall inform the Court by letter to the Court's efile address, eFile-Morgan@laed.uscourts.gov, of the additional data needed from Plaintiff.

**IT IS FURTHER ORDERED** that the Plaintiff will pay the reasonable expenses of any additional deposition of Dr. Dominici, if applicable.[96]

**IT IS FURTHER ORDERED** that the current scheduling order[97] is **VACATED IN PART.** All remaining deadlines, other than the deadlines with respect to Dr. Rothman,[98] are **VACATED.**

---

[93] *Id.*
[94] R. Doc. 222-2.
[95] Throughout Record Document 222, Plaintiff cites the "Notes and Supplemental Calculations" as Exhibit 2 to his motion, at R. Doc. 222-3. However, R. Doc. 222-3 as filed on the record is a transcript of Dr. Dominici's deposition. BP attached Dr. Dominici's Notes & Supplemental Calculations to its opposition at R. Doc. 245-1. *See* R. Doc. 245-1, pp. 14-17.
[96] The Court has the discretion to award a lesser sanction rather than complete exclusion of Dr. Dominici's amended calculations. *See, e.g.*, *Williams v. BP Expl. & Prod., Inc.*, No. CV 18-9753, 2019 WL 6615504, at *2 (E.D. La. Dec. 5, 2019) (quoting *Reed v. Binder*, 165 F.R.D. 424, 431 (D.N.J. 1996)).
[97] R. Doc. 242.
[98] The deadlines with respect to Dr. Rothman remain in place: Deposition and limited discovery solely with respect to Dr. Rothman must be completed by December 2, 2024; Non-evidentiary pretrial motions and motions in limine regarding the admissibility of expert testimony solely as to Dr. Rothman must be filed and served no later than December 9, 2024; Responses/oppositions to non-evidentiary pretrial motions solely as to Dr. Rothman must be filed and served no later than December 13, 2024; Replies in

**IT IS FURTHER ORDERED** that, after December 16, 2024, the Court will contact the parties for the purpose of scheduling a status conference to set a new trial date and accompanying deadlines.

**New Orleans, Louisiana, this 27th day of November, 2024.**

*[Signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

support of non-evidentiary pretrial motions solely as to Dr. Rothman must be filed and served no later than December 16, 2024.